DORCHESTER v. WENTWORTH.

A writ of error does not lie to reverse a judgment rendered upon a petition for a new highway.

THIS was a writ of error, brought to reverse a judgment rendered by the court of common pleas, upon a petition to lay out a new highway in the town of Wentworth.

The petition was referred to the road commissioners for the county, who decided in favor of laying out the road; and being of opinion that the town of Wentworth would be excessively burdened by defraying the whole expense of constructing the same, they made the examination required by the statute of 1850, chapter 958, and were of the opinion that the town of Dorchester would be benefited by the construction of the new road. They thereupon gave notice to that town at what time and place they would be heard; and after such hearing they apportioned a part of the expense of the road to be paid by that town. Their report was accepted by the court of common pleas, and judgment rendered that the town of Wentworth recover of the town of Dorchester the sum so apportioned.

Several errors were assigned in the proceedings and judgment.

*Quincy*, for Wentworth, moved that the writ of error be quashed. In support of this motion, he contended that the judgment which this writ of error is brought to reverse, is founded on a statute, the provisions of which refer to the laying out of highways. The proceedings are not according to the course of the common law, but are based entirely on the statute. Therefore error does not lie, but the appropriate remedy is by writ of *certiorari*. *Durham v. Thompson*, 2 N. H. Rep. 166; *Hopkinton v. Smith*, 15 N. H. Rep. 152; *Commonwealth v. Ellis*, 11 Mass. Rep. 462; *Eagar v. Dodge*, 4 Mass. 670; *Commonwealth v.*

*Bluehill Turnpike,* 5 Mass. Rep. 420; *Melvin* v. *Bridge,* 3 Mass. Rep. 305; *Cook's Petition,* 5 Pick. 234; *Caswell* v. *County Commissioners,* 33 Maine Rep. 237; *Bangor* v. *County Commissioners,* 30 Maine 270; *Paine* v. *Leicester,* 22 Vt. Rep. 46; *Lyman* v. *Burlington,* 22 Vt. 131; *Long-fellow* v. *Quimby,* 29 Maine Rep. 196.

Besides these, numerous cases might be cited, some of which are referred to in Minot's Digest, Tit. Certiorari and Error.

BELL, J. The authorities cited by the counsel for Wentworth are entirely conclusive that error does not lie to reverse a judgment rendered upon a petition for a new highway. The only remedy is by writ of *certiorari,* which is issued upon petition, and after a hearing upon the merits. Such has long been the usual practice. The writ of error, therefore, must be quashed.